IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

_____

TSZ-ON CHEUNG                                          CIVIL ACTION NO.15CV01252


                                Plaintiff,

  - against-                                                        COMPLAINT

SHANGHAI CUISINE 33 INC., SHANGHAI ASIAN MANOR, INC.,
SAMMY KWOK, and RAYMOND YIP


                        Defendants ：


   _____:

Plaintiffs, by their attorney,  Stephen B. Irwin, Esq., allege as follows:

NATURE OF ACTION

1.      This action is brought pursuant to the Fair Labor Standards Act (hereinafter

referred to as "FLSA"), 29 U.S.C., Secs. 206, 207, and 216(b); New York Labor Law Article 19

Secs. 633 and 652; New York Labor Law Article 6 et sec; 12 New York Codes, Rules and

Regulations (hereinafter referred to as "NYCRR") Sec. 142-2.2; 12NYCRR 142-2.4: and 12 NYCRR
Sec. 137-1.7 for plaintiff to recover unpaid wages, overtime compensation, spread of hours, and
statutory penalties for notice-and-recordkeeping violations for Plaintiff,  who was formerly
employed by Defendants  Shanghai Cuisine 33 Inc., Shanghai Asian Manor, Inc., Sammy Kwok
and Raymond Yip (collectively the "Defendants").

2.      Beginning on or about March, 2011,and continuing to September 16, 2014,
Defendants have  failed to provide the statutory  minimum hourly wage to its employees as
required by federal and state law.

3.      Beginning on or about March,2011, and continuing to the present , Defendants

have  engaged in a policy and practice of requiring their employees to regularly work in excess

of  forty (40) hours per week, without providing overtime compensation as required by

applicable federal and state law.

4.      Beginning prior to about March, 2011, and continuing to the present,, Defendants have engaged in a policy and practice of requiring their employees to regularly work in excess of ten (10) hours per day, without providing spread of hours compensation as required by

applicable state law.

5.      Under the direction of  Shanghai Asian Manor's and Shanghai Cuisine 33's directors, owners,  and managers,   Defendants instituted this practice of depriving Plaintiff of compensation, including  minimum wages, overtime wages, and spread of hours compensation for all work as mandated by federal and state law.

6.      Plaintiff  has initiated  this action seeking compensation, including minimum

wages, overtime compensation, and spread of hours compensation that he was deprived of,

plus interest, damages, attorneys' fees and costs.

7. Defendants have  violated notice-and-recordkeeping requirements by failing to provide statements listing the name of employee, name of employer, address and phone number of employer, rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission or other, gross wages, deductions, allowances, if any, claimed as part of the minimum wage, and net wages. These are violations of NYLL Sec. 195(3).


JURISDICTION

8.      Jurisdiction of this Court is invoked pursuant to FLSA, 29 U.S.C. 216 (b) and

28 U.S.C. 1331 and 1337. This court also has supplemental jurisdiction under 28 U.S.C. 1367 for

the claims brought under the New York Labor Law.

9.      The statute of limitations under the FLSA for willful violations is three (3) years.

See 29 U.S.C. 255 (a)

11. The statute of limitations under the New York Labor Law is six (6) years. See New York Labor Law 198(3).

VENUE

12.     Venue for this action in the Southern District of New York under 28 U.S.C. 139(b) is appropriate because  Defendants maintain an address and business operation in the Southern District.

THE PARTIES

13.     Plaintiff is an individual  residing in the State of New York who has performed labor for the Defendants,  Shanghai Asian Manor and Shanghai Cuisine 33  Restaurants.

14.     Upon information and belief, Defendant  Shanghai Asian Manor  and Shanghai Cuisine 33  Restaurants  are  owned by Defendants Sammy Kwok and Raymond Yip, and are incorporated under the laws of the State of New York with a principal place of business for Shanghai Asian Manor, Inc. at  21 Mott Street, New York,  New York  10013, and a principal place of business for Shanghai Cuisine 33 at 57-33 Main Street, Flushing, New York 11355. Defendants Kwok and Yip are also located at said addresses.

16.     Defendants engage in interstate commerce, produce goods for interstate commerce, and/or handle, sell, or work on goods or materials that have been moved in or produced for interstate commerce.

17.  Defendants' annual gross volume of sales is not less  than $500,000.

FACTS

18. Beginning  on or about  March, 2011, Defendant Shanghai Asian Manor, Inc. (hereafter "Asian Manor) employed Plaintiff  Tsz-On Cheung (hereafter "Cheung") to perform work in Defendants' restaurant operations.

19.While working for Defendants, Plaintiff  Cheung was typically required to start work at about 10:00 AM ,10:45 AM or 11:00 AM   each day, five days per week and at 4:30 PM one day per week.

20. While working for Defendants, Plaintiff  Cheung  was typically required to cease working  at about 9:00 P.M., 10:00 P.M., or 9:45 PM each day for five days per week, and 10:00 PM on the day he started at 4:30 PM        .

21.While working for Defendants, Plaintiff Cheung  did not receive the statutory minimum hourly wage for all hours worked, as required under federal and state law.

22. While working for Defendants, Plaintiff Cheung  did not receive overtime wages, at the rate of one and one-half times (1.5x) the regular rate of pay,

for all hours worked in excess of forty (40) hours in any given week.

23.While working for Defendants, Plaintiff  Cheung  did not receive spread of hours compensation of one additional hour at the regular rate of pay, for all days in which Plaintiff worked in excess of ten (10) hours in any day.

24. Beginning  on or about July, 2011, Defendant  Shanghai Cuisine 33, Inc.  (hereafter "Shanghai 33 ") employed Plaintiff  to perform work in Defendants' restaurant operations.

25. While working for Defendant Shanghai 33, Plaintiff  typically was required to maintain the same work hours as at Asian Manor restaurant

26. For the period March, 2011 to June, 2011, Plaintiff was paid at the rate of $2,400.00 monthly by Asian Manor restaurant

27. For the period July, 2011 to February, 2012, Plaintiff was paid at the rate of $2,500.00 monthly  by Asian Manor restaurant.

28. For the period August, 2012 to June, 2013, Plaintiff was paid at the rate of $2,700.00 monthly by Shanghai 33 restaurant

29. For the period July, 2013 to September 16, 2014, Plaintiff was paid at the rate of $2,900.00 monthly by Shanghai 33 restaurant24.

30. Upon information and belief,  Defendants  Sammy Kwok and Raymond Yip were the officers  and/or owner  of Defendants Asian Manor restaurant and Shanghai 33 restaurant, and a) had the power to hire and fire employees for those  entities ; b) supervised and controlled employee work schedules or conditions of employment for Defendants  Asian Manor and Shanghai 33 restaurants  c)  determined the rate and method of payment for   Asian Manor and Shanghai 33 restaurants  employees, and  d) maintained employment records for those restaurants..

31.     Upon information and belief, Defendants Sammy Kwok and Raymond Yip are employers within the meaning of the FLSA and had complete control of the alleged activities of Asian Manor and Shanghai 33 Restaurants which give rise to the claims brought herein.

32.     Upon information and belief, Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the Fair Labor Standards Act, applicable New York State law, and the supporting regulations, by failing to maintain proper and complete timesheets or payroll records.

FIRST CAUSE OF ACTION AGAINST DEFENDANTS:

FLSA MINIMUM WAGE COMPENSATION

33.     Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 32 hereof.

34.     Pursuant to 29 U.S.C. Sec.206, "Every employer shall pay to each of his employees who in any work week is engaged in commerce or in the production of goods for commerce, wages at the following provided in this section, not less than $8.00 an hour.

35. Asian Manor and Shanghai 33 Restaurants are employers within the meaning contemplated, pursuant to 29 U.S.C. 203(d)

36.     The individual Defendants are employers within the meaning contemplated, pursuant to 29 U.S.C. 203(d)

37.     Plaintiff is an employees, within the meaning contemplated, pursuant to 29 U.S.C. 203(e)

38.     Plaintiff , during all relevant times, engaged in commerce or in the production of goods for commerce, or was engaged in an enterprise engaged in commerce or in the production of goods for commerce.

39.     29 U.S.C. 213 exempts certain categories of employees from minimum wage

obligations. None of these exemptions apply to any of the Plaintiffs herein.

40.     Upon information and belief, Defendants violated the FLSA by failing to pay Plaintiff the  minimum wages for all hours  worked in any given week.

-

41.     Upon information and belief, the failure of Defendants to pay the Plaintiff  his rightfully owed wages was willful.

42.     By the foregoing reasons, Defendants are liable to Plaintiff in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs.

SECOND CAUSE OF ACTION AGAINST DEFENDANTS

FLSA OVERTIME COMPENSATION

43.     Plaintiff  repeats and re-alleges the allegations set forth in paragraphs 1 through 42 hereof.

44.     Pursuant to 29 U.S.C. 207, "no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

45.     Upon information and belief, Defendants failed to pay the  Plaintiff overtime wages at the rate of one and one- half times the regular rate of pay, for all hours worked in excess of forty (40) hours in any given week.

46.     Upon information and belief, the failure of Defendants to pay the Plaintiff  his rightfully owed overtime compensation was willful.

47.     By the foregoing reasons, Defendants are liable to      Plaintiff in an amount to be determined at trial, plus liquidated damages in the amount  equal to the amount of unpaid wages, interest, attorneys' fees and costs.


THIRD CAUSE OF ACTION AGAINST DEFENDANTS

NEW YORK MINIMUM WAGE COMPENSATION

48.      Plaintiffs repeat and re-allege the allegations set forth in paragraphs 1 through 47 hereof.

49.     Pursuant to New York Labor Law Article 19 652, and the supporting New York State Department of Labor Regulations, "Every employer shall pay to each of its employees for each hour worked a wage of not less than $7.25  (now $8.00)or, if greater, such other wage as may be established by federal law pursuant to 29 U.S.C. 206 or its successors, or such other wage as may be established in accordance with the provisions

of this article."

50.     The Defendants are employers, within the meaning contemplated, pursuant to New York Labor Law Article 19 651(6) and the supporting New York State Department of Labor Regulations.

51.     Plaintiff is an   employee, within the meaning contemplated, pursuant  to New York Labor Law  Article 19 651(5) and the supporting  New York State Department of Labor Regulations.

52.     Upon information and belief, Defendants violated New York Labor Law Article 19 650 et seq. and the supporting New York State Department of Labor Regulations by failing to pay the Plaintiff minimum wages for all hours worked in any given week.

53.     Upon information and belief, the failure of Defendants to pay  the Plaintiffs their rightfully owed wages was willful.

54.     New York Labor Law Article 19 663, provides that "[i]f any employee is paid by

his employer less than the wage to which he is entitled under the provisions of this article, he may recover in a civil action the amount of any such underpayments, together with costs and such reasonable attorney's fees."

55.     By the foregoing reasons, Defendants have violated New York Labor Law Article 19 650 et seq. and the supporting New York State Department of Labor Regulations, and are liable to Plaintiff in an amount to be determined at trial, plus interest, attorneys' fees and costs.

FOURTH CAUSE OF ACTION AGAINST DEFENDANTS

NEW YORK OVERTIME COMPENSATION LAW

56.     Plaintiffs repeats and re-alleges the allegations set forth in paragraphs 1 through 55 hereof.

57.     12 NYCRR 142-2.2 requires that "[a]n employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's regular rate."

58.     New York Labor Law Article 19 663 provides that "[i]f any employee is paid by his employer less than the wage to which he is entitled under the provisions of this article, he is entitled  under the provisions of this article, he may recover in a civil action the amount of any such underpayments, together with costs and reasonable attorney's fees."

59.  The  Plaintiff  worked more than forty hours  a week while working for Defendants.

60. Defendants failed to pay f the Plaintiff overtime wages, at the rate of one and one-half times the regular rate of pay, for all hours

worked in excess of forty (40)  hours in any given week.

61.     Consequently, by failing to pay the Plaintiff overtime compensation for all hours worked in excess of forty (40) hours in any given week, Defendants violated New York Labor Law Article 19 663 and 12 NYCRR 142-2.2.

62.     Upon information and belief, the failure of the Defendants to pay  the Plaintiff  his rightfully owed overtime compensation was willful.

63.     By the foregoing reasons, Defendants have violated Labor Law Article 19 663 and 12 NYCRR 142-2.2 and are liable to the Plaintiff in an amount to be determined at trial, interest attorneys' fees and costs, pursuant to the above cited Labor Law sections.

FIFTH CAUSE OF ACTION AGAINST DEFENDANTS

NEW YORK SPREAD OF HOURS LAW

64.     Plaintiffs repeat and re-allege the allegations set forth in paragraphs 1 through 63 hereof.

65.     12 NYCRR 137-1.7 requires that "[a]n employee shall receive one hour's pay at the basic minimum hourly wage rate, in addition to the minimum wage required in this Part for any day in which... the spread of hours exceeds 10 hours [in a day]."

66.  Defendants required that the Plaintiff  work more than ten hours in a day.

67.  Defendants did not pay the Plaintiff an additional  hour's pay at the basic minimum hourly wage rate when the Plaintiff worked more than 10 hours in a day.

68.     Consequently, by failing to pay to the Plaintiff an additional hour' pay at the basic  minimum hourly wage when Plaintiff worked more than 10 hours in a day, Defendants violated 12NYCRR 137-1.7.

69.     Upon information and belief, Defendants' failure to pay spread of hours compensation to Plaintiff was willful.

70.     By the foregoing reasons, Defendants have violated 12 NYCRR 137-1.7 and are liable to Plaintiff in an  amount to be determined at trial, plus interest, attorneys' fees and costs, pursuant to the above cited Labor Law and regulatory sections

SIXTH CAUSE OF ACTION AGAINST DEFENDANTS

FAILURE TO PAY WAGES

71.     Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 64 hereof.

72.     Pursuant  to Article Six of the New York Labor Law, workers, such as the Plaintiff herein,  are protected from wage underpayments and improper employment practices.

73.     Asian Manor and Shanghai 33  are  employers, within the meaning contemplated, pursuant to

New York Labor Law Article 6 190(3) and the supporting New York State Department of Labor

Regulations.

74.     The individual Defendants  are  employers, within the meaning contemplated, pursuant to New York Labor Law Article 6 190 (3) and the supporting New York State Department of Labor Regulations.

75.     The  Plaintiff is  an  employee, within the meaning contemplated, pursuant to New York Labor Law Article 6 190 (2) and the supporting New York State Department of Labor Regulations.

76.     Plaintiff's agreed upon wage rates and/or overtime compensation rates were within the meaning of New  York Labor Law Article 6  190,191.

77.     Pursuant to New York Labor Law Article 6 191 and the cases interpreting same, workers such as the Plaintiffs are entitled to be paid all their weekly wages "not later than seven calendar days after the end of the week in which the wages are earned."

78.     In failing to pay the Plaintiff  his earned statutory wages, overtime compensation, and spread of hours compensation within the week such wages were due, Defendants violated New York Labor Law Article  6  191.

79..    Pursuant to New York Labor Law Article 6  193, "No employer shall make any deduction from the wages of an employee," such as the Plaintiff  herein, that is not otherwise authorized by law or by the employee.

80.    By withholding  wages and overtime payments for time worked in any given week from Plaintiff, and taking unauthorized deductions there from, pursuant to New York Labor Law Article 6  193 and the cases interpreting same, Defendants made unlawful deductions  in wages owed to Plaintiff.

81.    Upon information and belief, Defendants' failure to pay Plaintiff his earned wages and overtime compensation was willful.

82.    By the foregoing reasons, Defendants have violated Labor Law Article 6 198 and are liable to the Plaintiff in an amount to be determined at trial, interest, attorneys' fees and costs, pursuant to the above cited Labor Law sections.


WHEREFORE, Plaintiff  demands  judgment:

(1)  On their first cause of action against Defendants, in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs;

(2)  On their second cause of action against Defendants, in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs;

(3)  On their third cause of action against Defendants, in an amount to be determined at trial, plus interest, attorneys' fees and costs, pursuant to the above cited Labor Law Sections;

(4)  On their fourth cause of action against Defendants, in an amount to be determined at trial, plus interest, attorneys' fees and costs, pursuant to the above cited Labor Law Sections;

    (5)  On their fifth cause of action against Defendants, in an amount to be determined at

trial, plus interest, attorneys' fees and costs, pursuant to the above cited Labor Law Sections;

    (6)  On their sixth cause of action,  in a just and proper amount.


 Dated: Flushing, New York

February 6, 2015


Stephen B. Irwin, Esq.
REP Associates
39-15 Main Street
Suite 318
Flushing, NY 11354
(718) 939-8880